W. R. FARRIS, Respondent, v. THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 14, 1892.

Damages: MEASURE OF: INSTRUCTIONS. Though an instruction on the measure of damages may even be the subject of criticism, it will not vitiate a verdict where there was also given an instruction declaring the proper measure of damages, and the amount of the verdict showed the jury had not been misled by the faulty instruction.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Gardiner Lathrop, C. T. Garner* and *S. W. Moore*, for appellant.

The court erred in giving to the jury, at the request of the plaintiff, the instruction on the measure of damages. This instruction is obviously erroneous in advising the jury that they may assess the value of the horse damaged, and the value of the wagon and harness damaged or destroyed, when the measure of damages is the depreciation in the market value. *Harrison v. Railroad*, 88 Mo. 625.

*J. W. Shotwell*, for respondent.

The third instruction asked for by plaintiff could not possibly have misled the jury as to the measure of damages, as the fifth instruction, given by the court, thoroughly explained its meaning and the correct measure of damages. The law and the facts in this case are for the plaintiff, and the jury did right in finding a verdict accordingly. *Barry v. Railroad*, 98 Mo. 62; *Tetherow v. Railroad*, 98 Mo. 74; *Petty v. Railroad*, 88 Mo. 306.

GILL, J.—This is an action brought before a justice of the peace, to recover damages under section 2608, Revised Statutes, 1889, for a failure to give signals upon approaching a road crossing. A wagon and team belonging to plaintiff, in charge of a driver, approached the railroad track at the point known as King's crossing. This crossing is at a point where there is an abrupt curve in the railway, so that the view of the track is obscured in either direction. While the team was upon the track, a passenger train struck it, and the driver and one horse were killed, another horse was injured, and the wagon and harness were damaged. The evidence as to whether or not the statutory signals were given was conflicting. The plaintiff recovered before the justice, and defendant appealed to the circuit court, where, on a trial before a jury, there was again a verdict and judgment for plaintiff in the sum of $130, and defendant thereupon appealed to this court.

On the points presented in defendant's brief, there is but one that deserves mention, and that relates to an instruction on the measure of damages, given at the plaintiff's request. Said instruction reads as follows: "If the jury find for the plaintiff, they will assess his

damages at the value of the horse killed and damaged and the wagon and harness damaged or destroyed, in any sum not exceeding the amount claimed in the petition.'' It is contended that there was error in this instruction, in that it, in effect, advised the jury that they might assess the *value* of the horse damaged,. and and the *value* of the wagon and harness damaged or destroyed, when the measure of damages is the *depreciation* in the market value.

While now this instruction is clumsily drawn, and is of rather doubtful meaning, and, perhaps, even subject to the above criticism, yet, as the court did of its own motion in another instruction clearly and correctly declare the law as to the measure of damages we think it ought not to work a reversal of the judgment. Here is the instruction given by the court of its own motion: ''6. If the jury find for the plaintiff they will assess his damages at the reasonable market value of the horse killed, together with such sum as will compensate him for the injury done to remaining horse and wagon and harness.'' Besides, it is clear from the amount of the verdict, that the jury did not award, in their measure of damages, the *entire value* of the crippled horse, wagon aud harness, but gave only the entire value for the horse killed, adding thereto the depreciation in value of the wounded horse, and damaged wagon and harness.

Judgment affirmed. All concur.